To the right honourable Charles Craven Esq. Governour of South Carolina and to the true and absolut Lords and Proprietors deputies Siting in a Court of Chancery.
Humbly Complaining showeth unto your honours your Orator Christopher Arthur of this Province an Infant under the Age of Twenty and one yeares by Christian Arthur his Prochien Amie and Guardian that your Orators Uncle Dominick Arthur late of the parish of St. Michaell in the Island of Barbados but since deceased in this Province by his last will and Testament bearing date the Fifteenth day of October one thousand seaven hundred and [blank] Wherein after diverse legacies and bequests therein by him given and appointed, he the said Dominick did devise and bequeath all the rest and residue of his reall and personall Estate of what kind or nature soever in this Province or in the said Island of Barbados or in any other part of the world Whatsoever unto your Orators Father Patrick Arthur making him his residuary Legatee for that he was the sole and only brother of your Orators said Uncle Dominick Arthur who had no manner of Issue living at the time of his death And to the heires of the said Patrick Arthur your Orators said Father forever And also made your Orators said Father his Absolute Executor of his said Will And Ordained and appointed Mr. Edmund Burk Mr. John Gough Mr. John Donny and Mr. Michaell Mahon (all of which except the said Mr. John Gough live in parts beyond the Sea) Executors in trust to see his legacies paid out of his lands and Effects in Barbados which was directed and appointed by the said Will to be sold by them the said Executors in trust And for that purpose they were mentioned and appointed only and no Otherwise as in and by the said Will duly approved and Recorded in the Secretaries Office of this Province relation being thereunto had may more fully and at large appeare none of which said Executors in Trust ever proved the said Will or acted therein except the said defendant John Gough hereinafore mentioned [torn] Mr. Michaell Mahon who has since in this honourable Court accounted for his Intermedlings and transactions by virtue of the said Will and is since departed this Province with intent never to returne And your Orator further humbly *107 Sheweth that your Orators said Father Patrick Arthur dying some short time before the said Dominick Arthur leaving behind him your Orator his only son and heir. That by reason of the death of your Orators said Father before the death of the said Testator Dominick Arthur your Orator is Under some apprehension that according to Law (alter otherwise designed) as to the per-sonall Estate he the said Testator might be said to die Intestate And having made no Other dispossition of his personall Estate in Carolina then to the said Patrick— That therefore your Orator may be only intituled to some Share in equall degree of Kindred and blood with some Other of the said Testators Relations he the said Dominick as tis pretended by the Confederates hereafter named leaving a Wife behind him and two Sisters or some other neare Relations living in distant Con’tries unknowne to your Orator But now so it is may it please your honours that the said John Gough one of the Executors in Trust Combining and Confederating to and with diverse persons as yet unknown to your Orator whose names when discovered your Orator humbly prayes may be herein inserted with apt and proper words to charge them doth not only daily disturb your Orator in the possession of your Orators Freehold and reall Estate but has gotten into his hands power Custody and knowledge of all the personall Estate and whole premisses sometimes pretending he has power to sell and dispose of the said personall Estate in this Province as also when to pay off and discharge the debts and legacies of the said Testator And at other times pretend he has power and Authority to keepe in his hands or sell and dispose of all Or the most part of the said personall Estate under severall and distinct Claims your Orators said Uncle dying Intestate as to his personall Estate by reason of the death of your Orators said Father before the said Testators as aforesaid And that he will keepe and detaine in his hands being heretofore Guardian to your Orator and as Executor in Trust and the only now acting Executor and Trustee the whole premisses till those whom the said John Gough pretends are lawfull Claimants and the Debts and leacies (which are altogeather unknowne to your Orator) are really Answered satisfied and paid, but yet at the same time refuses to discover to your Orator who by name of what places and of what Kindred or Relation they are of the said Testator and under what tytle or Intrest or by what Authority or power he has from them or any of them to demand keepe and detaine the same And what power or Authority he may or can pretend to have either for himselfe or any other person or persons to keepe and detaine the Possession of the Reall Estate as aforesaid and to keepe Overseers thereupon and to take and retaine the Improvements thereof being not liable to debts (if any there bee) and to the Lightwood thereon and make Pitch and Tarr thereof and Convert the same to his owne use Or how Otherwise and under what pretenses And your Orator further humbly sheweth that the said John Gough under such various and spetious pretenses for the space of severall yeares last past and taking advantage of your Orators minority has not only possessed himselfe of the said personall Estate *108 but as pretending himself to be Guardian to your Orator and Executor in trust has also taken to himself the proffitts and produce both reall and per-sonall Estate and does detaine the same still in his hands and refuses to render any manner of account to your Orators said Guardian in behalfe of your Orator not Only as your Orator is heire at Law to the reall Estate but as your Orator is nearest of Cousin and of Kin to the said Dominick the said John Gough Ought being Executor in Trust to render the surplus of the said per-sonall Estate to your Orator Nevertheless he detaines and keepes the whole in his hands and the greatest part thereof has sold mortgaged and disposed of all or the greatest part of the hands and Negroes which were Employed on the reall Estate and doth daily and will Continue to Wast impoverish and distroy in all respects the said Testators whole Estate and Convert the Same to his owne use without rendering any manner of account thereof to your Orators said Guardian in behalfe of your Orator And does refuse to allow your Orator any Compitent sort of maintainance or support nor according to the nature and value of the said Estate to afford your said Orator Education and breeding, to your Orators utter ruin and distruction who is thereby Exposed to great want and missery all which actings and doings of the said John Gough and the rest of the said Confederates are Contrary to all manner of right Equity and good Conscience but tend to your Orators manifest wrong and injury In tender Consideration whereof and in regard your Orator Witnesses who could and would prove all and singular the whole premisses are either dead or gone into p[torn] remote beyond the seas unknowne to your Orator so that your Orator is altogether remediless [torn] the strict rules of the Common Law, but is only properly relievable in this Court in a Court of Equity before your hon-ours where matters and frauds of this nature are only properly to be remeadied and redressed. In Tender Consideration whereof and that the said John Gough may on his Corporall Oath set forth and discover what title Interest Claime or demand he has to the reall or personall Estate of the said Testator either in his owne right as Executor in trust or how Otherwise and why and for what reason he detaines the same in his hands and upon What account Or what Authority and from and under whom he Claimes the same or any part or share thereof and where such person or persons now live or in what parte of the World they now are together with their Christian and Sirnames and how and in what manner they are Entituled or pretend tytle or Interest to the same and how related and akin to the said Testator And under what power And Authority he demands de[torn] and keeps the reall and personall Estate or any part thereof And may set forth [torn] Authorities or his pretentions thereto and why and for what reason and on what account in any [torn] he claimes the same or any part thereof And also why and for what reason he keepes the proffitts of the same in his hands for that your Orator charges and doth averr that the wife of the said Testator (if she be living) or hath any right to the reall or personall Estate aforesaid has long since relinquished and declined any manner of de *109 ■mands to the said reall or personall Estate of her said husbands the said Estate in this province, being otherwise satisfied out of the Estate of the said Testator in Barbados and has released and given her right or pretense of right to your Orator all which the said John Gough and the rest of the Confederates very well knowes to be true. And that he the said John Gough may Exactly and directly Answer the same and set forth if he has not heard does not know and has beene informed by writing or Otherwise that she the said T esta tors wife had so don And if he does not know or believe the same to be true And has not had notice thereof and beene Ordered and Countermanded therein And what Orders or Authority he has or can pretend to concerning the same And that the said John Gough may come to a true and perfect account of all and singular the premisses which are in anywise come to his hands privity or knowledge or so much thereof as relates to or in any wise concerne your Orator either in part or in the whole and render a true and Exact account thereof What goods and Effects either in goods Merchandizes Negroes and Slaves or bond persons he has sold or disposed off And also what rents issues and proffitts he has re-ceved or does expect to receive by gathering lightwood and making Pitch and tarr on the said reall Estate and making sale of the same or by the Crop now or lately growing or gathered thereof Or therefrom and the produce of the whole of what natur or kind Whatsoever by Stock of hire Cattle or any other proffitts or Advantages thereof made and raised thereon and there from by any waises or meanes Whatsoever or howsoever he has made of the said reall Estate as being Executor in Trust or under his Guardianship or what other Cappacity And what Negroes or hands belonging to the said reall Estate he has mortgaged and sold and upon what account And why Render a true and exact account of the premisses so that your Orator may have and receive his Just rights and share thereof And also come to an exact account with your Orators said Guardian [torn] in behalf of your Orator for the same and may be compelled to make good the wast Spoile and distruction he has made on the reall and personall Estate and the Imbezallments thereof which your Orator charges together with what proffitts and sales he has made and received does amount to the vallue [torn] And that he may the [torn]d and deliver [torn] whole Effects he ha[torn]-ands or that is in his power possession or knowledge by. [torn] or Otherwise that in any wise relate to or concerne the said Testators Estate either reall or personall [torn] give a true and Exact account thereof, together with all deeds Writings minuments Transcripts or Escripts that in any wise relate or concern the said premisses and Testators Estate both reall or personall or all or any part thereof And set forth and discover to the very best of his knowledge or power where the same are and how disposed off. And yeild render and deliver up the same and all and every part thereof as he shall make appeare and this Court shall Adjudge to belong of right by distribution or Otherwise to your Orator And that if this honourable Court shall determine and decree that the whole of the personall Estate aforesaid ought to be deliv *110 ered to your Orator as the Only person in this province that represents and is nearest of Kin to the said Dominick your Orator will be ready to find such security as this honourable Court shall approve for the delivery of the personall Estate aforesaid to and amongst any such Relations of the said Dominick as have any lawfull Claime thereunto by virtue of the Statut of distributions as also to Indemnifie the said John Gough not only from the debts due from the said John Gough not only from.the debts due from the said Dominick the said Testator (if any there be) but also from any lawfull demand of any other person of his Kindred who shall or may have any Just pretensions to the same. And that your Orator may be further and otherwise releived in all and singular the premisses As to your honours in your great Wisdom may seeme meet and Agreeable to Equity and good Conscience May it please your honours the premisses Considered not Only to grant unto your Orator the Injunction of [torn] and Order of this honourable Court to prevent and Enjoyne the said John Gough from Committing [torn] manner of wast or Spoile of the premisses but also to quiet your Orator in the possession of the reall Estate and Plantation and all other the same But also the writt or Writts of Subpena issuing out of this honourable Court directed to the said John Gough and the rest of the Confederates when discovered Commanding him and them and every of them under a certaine penalty and at a certaine day therein to be limited and Appointed personally to be and appeare before your honours in this honourable Court then and there to Answer all and singular the premisses and further to stand to and abide such further Order and Decree therein as to your hon-ours shall, seeme meete most Convenient and agreeable to Equity And good Conscience. And your Orator as in duty bound shall Ever pray etca.

[In Chancery filed, December the 20th 1714]

Geo Rodd pro Quer
The Answer of John Gough Defendant to the Bill of Complaint of Christopher Arthur of this Province Infant under the Age of One and Twenty Years by Christian Arthur his Prochein Amie And Guardian Complainant
The said Defendant Saving and reserving to himself now and att all times hereafter all benefitt of Exception unto the Manifold incertaintys imperfections and insufficiencys in the Complainants said Bill of Complaint contained for a full .plaine perfect and direct Answer thereunto and unto all and Every the matters Allegations and things which are in the said Bill of Complaint contained or to so much thereof as this defendant is advised is in any sort or wise material or Effectuall in the Same for this defendant to Answer unto, An-swereth and saith that he believes it may be True that Dominick Arthur in the said Bill mentioned by his Last will and Testament might after diverse Leg-acys and bequests therein by him given devise and Bequeath the rest and residue of his real and personal Estate unto Patrick Arthur father of the Com *111 plainant and make him the said Patrick his absolute Executor of his said will which said Dominick this defendant also Believes might dye without Issue and that the said Dominick Arthur Ordained and Appointed Mr. Edmond Burke This Defendant Mr. John Denny and Mr. Michael Mahon his Executors in Trust and gave them power to sell his Estate in Barbados to the Intent and purpose in that will Expressed to which this defendant for more certainty re-feres himselfe but this defendant doth not Apprehend the Said Executors in Trust were limitted to Act Onely with Respect to the Estate in Barbados and no Other as in the Complainants said Bill is Alledged And this Defendant further Saith that he proved the said will of Dominick Arthur and the same is Recorded in the Secretarys Office and also believes the said Patrick Arthur dyed before the said Dominick Arthur the Testator by meanes whereof he this defendant is Advised that the devise of the said Dominick Arthur’s Personall Estate to his said brother Patrick was void and Ought to be disposed of and distributed According to the Statute in that case provided That is to Say One halfe thereof to his widow Mrs. Ann Arthur now living in the Island of Barbados And the Other halfe thereof to be Equally distributed between the Complainants who Stand in the place of Patrick Arthur Brother to the deceased and the Two Sisters of the said Dominick now Living in the Kingdom of Ireland being the next relations in Equall degree to the said Dominick Arthur And also that by the Death of the said Patrick as before the said Executors in Trust became Absolute Executors to the said Last Will and Testament to all Intents and purposes and Accountable in the Same manner as Executors are Accountable and no Otherwise and this Defendant further Saith That as Such Sometimes he this Defendant and sometimes the said Mr. Michael Mahon acted in concurrence with the Guardians of the said Complainant and by their Consent and Approbation for the Benefit and Advantage of the said Real and personall Estate as by Law they might the personall Estate consisting chiefly of Negro Slaves without which the said Real Estate would not be Capable of any Improvement for the Complainant who is heire att Law to his said unckle Dominick And this Defendant possessed himselfe in the best manner he could of the Effects and personall Estate of the said Testator as was proper for him to do An account whereof and of the Times when he Acted and of this defendants receipts and Disbursments he this Defendant has caused to be Annexed to this his Answer And prays it may be received as apart thereof to which Account he this defendant for more certainty refers himself but this defendant saith that he has heard and believes that the Complainant himselfe an Infant now of about Seaventeen years of Age did himselfe after the death of Dominick Arthur by some meanes or Other unknown to this defendant open a scrutore belonging to the said Dominick Arthur in his life time and took out from thence to the Value of Fifty Pounds or above in old broaken pieces of silver and gold and secreted the same from this defendant which this defendant be-leives are now or lately were in the hands of the said Christian Arthur his *112 Mother Prochein amie and Guardian in the Bill mentioned which as this defendant is advised Ought to be subject to the distribution aforesaid as part of the Personal Estate of the said Dominick Arthur to which Gold and Silver the Complainant is Entituled onely to the third part of One halfe And this defendant further saith that the said Infant has since the death of the Testator Dominick chosen and changed severall Guardians particularly Mr. George Boyle Mr. Michael Mahon Mr. Francis Le Brasseur this defendant and his said Mother and last of all his said Mother his sole Guardian all which have att Severall times Acted upon the said Estate and that during the time he this defendant acted as Guardian to the said Infant he Employed the Negros belonging to the Personall Estate in Number about fourteen besides 2 or 3 Children Slaves and placed one John Nicholson an Overseer upon the Lands to make a Cropp of Come and Rice and to make Tarr and pitch both for the Benefit of the said Infant and of the Testators Widow and Sisters aforesaid to whome this defendant is by Law Accountable which said Overseer was taken in upon Shares at one Sixth part of Such Cropp as was Lawfull for him this defendant to doe And this defendant further Saith that he hath all along acted for the Benefitt of the said Infant as well as the Widow and Sisters aforesaid according the best of his understanding but that the Complainant and his said Guardian from time to time (pretending a right to all the Said Estate both Reall and personall) grew very uneasy Troublesome and Outragious both with him this defendant and the said Overseer Ordered the said Overseer to be gone off the said Plantation and would not suffer this defendant to come there but used diverse threatning Expressions to this defendant even whilst he continued to Act as Executor to improve the personall Estate and as Joynt Guardian with her the said Christian Arthur for the Benefitt of the Reall Estate and this defendant looking upon such proceedings to be foolish and unwarrantable continued as by Law he might to go on with finishing the said Cropp nevertheless the Complainant and his said Mother and Guardian took all Opportunitys to be mischievous frequently turning out the Cattle and taking away the horses when there was Occasion for them breaking down the fences themselves and Letting in the Cattle and hoggs to destroy the Crops secreting the Negroes and hindring them from their work throwing down and spilling the Milke and taking all Other methods possible out of spleen to the overseer aforesaid to Starve him and drive him of the Plantation and in order to defraud him of his share though the same was manifestly to their Own great Loss and disadvantage Notwithstanding all which Irregular idle and unjustifiable actings and disturbances of the said Infant and his said Guardian he this defendant by his Vigilance and care has prepared a very Advantageous Beneficiall and large Cropp consisting to the best of this defendants Judgment of about Twelve hundred Bushells of Come and Rice and Two large Tarr Kills one of Thirty Six and Another of forty foot wide now ready to be runn off from whence this defendant Expects above three hundred barills of Pitch The whole Value of *113 which Cropp if not Embeizeled ruined and destroyed by the Infant Complainant and his said Guardian according to their former unaccountable practices will amount to Eight hundred pounds or above which Improvement this defendant declares is so farr above whatever was made out of the said Plantation that he expected rather the thanks and praises of the said Infant and his Guardian then the Interruption disturbance Clamour Vexation prosecution etca railing and abuse which he has very undeservedly mett with from them and this defendant further saith that it is onely to be attributed to such unreasonable proceedings of the Said Infant and his Said Guardian that a much greater Improvement is not made thereof to the Value of Two hundred or Two hundred and Fifty pounds more And this defendant further saith that he has paid Severall considerable debts and Legacys which are particularriz’d in his said account and has made severall considerable dis-bursments which are likewise in this said account Specify’d and has also advanced to her the said Christian Arthur the Guardian in money and goods to the value of fifty pounds which said Mrs. Arthur likewise has received of Mr. George Boyle since her arrivall in this Province out of the Proffitts of the said Estate between forty and fifty pounds more which appears by her Receipt and this defendants said Account to which for more certainty he referrs himselfe, And this defendant is willing and ready and Intirely Submitts himselfe to the Judgment of this Honourable Court whither he shall be Obliged to make further Advancements to the said Infant and Guardian or whether they shall be accountable for any Overplus received above what is the Share and proportion belonging to the said Infant all this defendants necessary Charges Expenses and disbursments being first Satisfy’d and Accounted for and a moderate and reasonable consideration for this defendants loss of time his Labour and paines And this defendant further saith that he putt the said Infant to Schoole to Mr. Douglass in Charlestown and took care for his dyett and Lodging att one Doctor Coopers for Several months which is likewise Specify’d in his said account and took such further care of the maintenance and Education of the said Infant Complainant that in Concurrence with the said Christian his mother and Guardian he purposed and fully designed to send him to great Brittian to a Relation of the said Infants in London one Mr. Daniel Arthur a Considerable Banker pursuant to a Letter he this defendant received from the said Mr. Arthur to which purpose chiefly and Principally this defendant and the said Guardian took up on a Mortgage of Tenn Slaves (belonging to the said Estate) of one Mad. Thomas of this Province the Sume of Three hundred pounds but this Defendant found himselfe prevented in the said purpose not onely by reason he could not obtain any Bill of Exchange having to that purpose apply’d himselfe to the Honourable Samuel Eveleigh Esq. Mr. Guerard and Company Mr. Samuel Wragg and Col. William Rhett Merchants offering them considerably more than the Common Advance and likewise Apply’d himselfe to one Mr. Taverere of Charlestown for Pistoles but could not obtaine the one or the *114 Other notwithstanding all his Endeavours neither could he this defendant att that time obtaine any goods or Cargoe being bout the month of June or July 1713. to Send along with the said Infant but also this defendant Soon after found that neither the said Infant or his said Guardian mother were inclinable to have him goe ofE this Country which said Guardian likewise took her Son the Complainant from Schoole into the Country where he seemes more in-clineable to Cattle hunting than any Other Education since which time this Defendant has been continually Vexed and perplexed with Suits att Law and prosecutions att the Sessions against himselfe and the said Nicholson the Overseer without any Just cause or Reason for the same as this Defendant aprehends and this defendant referrs himselfe to the said Mortgage to Mrs. Thomas for the particular names of the said Slaves so Mortgaged and to his own Account hereunto Annexed to Shew to this Honourable Court in Answer to the Complainants demandes what he has done or to what Use he has Apply’d the said money which this defendant is not a little apprehensive is more than he or the said Guardian Christian Arthur could properly do in favour of the said Infant, And this defendant further Saith (as he is advised) that altho the real Estate of the said Testator be not so properly Lyable to the payment of his debts as the Personal Estate yett this defendant apprehends with Submission to this Honourable Court that the Complainant ought to beare a proportion-able part of the debts and Legacys of the Testator out of the said Personall Estate and this defendant humbly insists upon itt that he ought not to render or give up the Surplusage of the said Personall Estate (if any there appeare to be) into the hands of the Complainant or his Guardian but rather Ought to take upon himselfe the Just distribution thereof as he is a person who represents the Testator to Execute the Trust reposed in him and for which he is by Law Equally accountable and responsible to the Severall Lawfull Claimants aforesaid, And this defendant utterly deneys he has Sold any of the Negros or Slaves belonging to the Said Estate or Mortgaged any but the negros before mentioned in concurrence with the Complainants said Guardian And this defendant further Saith that the Testator Dominick Arthurs Estate in Barbados is So farr from being Sufficient to pay the Said Testators debts and Legacys that the Same is not above Twenty nine Acres of Land as this defendant can make Appeare on which Estate the wife and widow of the Said Dominick Arthur lived and by which She was maintained which Said Estate was the Inheritance of the Said Widow before her intermarriage with the said Testator and by her made Over to the Said Testator Dominick who neverthe less would have sold the Same from her in his lifetime and Sent a power of attorney to that purpose along with this defendant from this Province of Carolina to the Island of Barbados to Mr. Edmond Burke and Mr. John Denny to Sell and dispose of the Same but the Said Mr. Edmond Burke thereupon told this defendant that the Government would not Suffer the Same to be done and to have the Said Mrs. Arthur left to Starve however this defendant believes has *115 heard and can prove that thirteen Acres out of the Twenty Nine of the Barbados Estate has been Levyed upon for a debt of the Said Dominick due to Mr. Thomas Lynch of One hundred and Forty pounds and the Said Widow now lives onely upon the Remainder (the Said Dominick having no Other Estate there) and by Selling of Plantins Poteatoes and other garden greens Roots and Herbs, and this defendant denyes that he Ever Saw Knows of or believes the Said Widow Arthur in Barbados has relinquished or given away her right To the Estate of the Said Dominick her deceased husband in Carolina to the Complainant or any Other nor Ever received any Account thereof or any order to Countermand this Defendant from acting for her Interest and right who being a poor woman has Occasion Enough for what is her Just right and due and this defendant Saith that he has writt to the Said Widow in Barbados to receive orders from her and that she would Send a power of Attorney to this Province to Some person here to receive and take care of what belongs to her out of the Said Estate in this Province And this defendant further Saith that the Said Christian Arthur the Guardian did her Selfe informe this defendant upon her Arrivall in this Province of South Carolina that the two Sisters of Dominick Arthur the Testator were Still Living in Ireland and was poor insomuch that coming over to Lymerick to Vissitt their Relations they were forced to borrow Cloaths of their Mother in Lymerick to go abroad to See the rest of their Relations and friends and that one of the said Sisters was lately marryed to a Tide waiter and as for the Christian and Sir names of the Said two Sisters this Defendant referrs himselfe to the Complainant and his said Guardian who knows and is very well acquainted with them for the more certainty but this Defendant takes itt that the three Sisters of the said Dominick were named Mary Anstace and Katherine of which one is dead and another marryed to one Francis Roth which is the best Account this Defendant can give of them this defendant having as yett had no letters or Orders from them or their Husbands, And this defendant Saith that the Legacys in the said will of Dominick Arthur are very many and of great Value to which this defendant referrs himselfe which he this Defendant shall Comply with in Such Sort as this Honorable Court Shall direct on Account of the Complainant and the said Estate will beare, and this defendant further Saith that after his first intermedling with the Said Estate what Effects he had in his hands he Surrendered into the hands of Mr. Michael Mahon and after the said Mahons relinquishing that Affaire was very unwilling to concern himselfe Any more with the Said Estate but was prevailed with So to doe by the Requests of Mr. George Boyle the Guardian aforesaid as appears by letters under the hand of the Said Boyle which this defendant is ready to produce to this Honorable Court and this defendant having all along acted as Executor or Guardian him-selfe or by the directions and Appointment of the Guardian or Guardians to the Said Infant and no Otherwise upon the Reall Estate as before is Sett forth and as by Law he might hopes that he cannot be lookt upon as having dis *116 turbed the said Minor in his Freehold and is very ready to Quitt all preten-tions to the Lands or the real Estate of the Said Dominick Arthur (Excepting onely what is allowed him by the Order or Injunction of this Honorable Court to perfect the present Cropp on the ground) and to concerne himselfe no farther with the Said Land And this defendant further Saith that notwithstanding he has in all things complyed with the said Order or Injunction above mentioned nevertheless the Said Infant himselfe as this defendant believes has Since the said order or Injunction issued out taken away the horses which used to draw the Lightwood and the rather because the Said horses are never missing but when the Said Infant comes there as this defendant is informed by the said Overseer And this defendant further Saith he cannot Exactly Value the Cattle or horses on the Said Plantation but Judges they may be worth about Sixty pounds or above, And this defendant further Saith that he has in his hands Three bonds from one John Hall to Mr. Dominick Arthur the prin-cipan money of the whole amounts to Twenty pounds but as for the Interest this defendant referrs himselfe to the Said Bonds which he is ready to produce As this Honorable Court Shall direct and this defendant has likewise the Platt and grant of the Said Estate of Dominick Arthur which he is likewise ready to produce as this Court Shall direct and for the particulars of all the rest of this defendants Transactions Debit and Credit to the Said Reall or Personall Estate this defendant refers himselfe to his Said Account before mentioned and hereunto Annexed without that any Other matter or thing in the Said Bill of Complaint contained materiall to Charges— This defendant with all or Effec-tuall by him to be answered unto and not hereby Sufficiently answered unto confessed or Avoided Traversed or denyed 'is true in Such Sort manner and forme as herein is before Expressed All which this defendant doth and will be ready to Averr maintaine and prove as this Honourable Court shall direct and humbly prays to be hence dismissed with his reasonable Costs and Charges in this behalfe most fully had and sustained etc [Missing].
Jur: Coram me et cap: pre[dict?] die: Decembris Anno Domini 1714
Char: Hart Magistr. Cancell
[South Carolina in Cur Cancell]
The Replication of Christopher Arthur an Infant by Christian Arthur his prochin amie, Mother and Guardian to the Answer of John Gough gentleman, Defendant.
The said Complainant for replication unto the said Defendant’s said Answer Saith that the said bill of Complaint by him Exhibited into this hon-ourable Court against the said Defendant is very true certaine and sufficient in the Law to be by him the said Defendant Answered unto and that all and every the matters and alligations in the said bill of Complaint contained as are therein by him set forth are on good grounds and Just cause of suit And this *117 Repliant further saith and averreth. That the said Answer of the said Defendant unto the said bill of Complaint is very uncertain and altogether untrue and insufficient in the Law to be replied unto by him this repliant. Nevertheless all advantages and benefitt of Exceptions to the uncertaineties and Insufficiencies ■of the said Defendant’s said Answer to this Repliants said bill now and at all times hereafter saved and reserved for replication to the said Defendants said Answer this Repliant in and by his Replication saith and sheweth and in every matter and thing as before in and by his said bill of Complaint, he hath said and shewne he doth and will thereby Justifie maintaine and prove his said bill of Complaint and all and every the matters and things therein contained to be certaine and true in all sort manner and form as the same are by him this repliant set forth and Expressed. Without that that any other matter or thing Whatsoever in the said Defendants said Answer contained matteriall or Ef-fectuall in the Law for this repliant to repley unto and not therein and thereby sufficiently replied unto confessed or avoided or otherwise replied unto is true All which matters and things this repliant is ready to aver Justifie maintaine and prove as this honourable Court shall award and direct And thereupon this repliant in and by his Replication humbly prayes as before in and by his said bill of Complaint he hath already formerly prayed.
[Filed the 19th August 1714]
George Rodd pro Quer
The Answer, Plea and Demurrer of John Gough, Defendant, to the Bill of Complaint of Christopher Arthur, an Infant under the age of twenty and one years, by Christian Arthur, his Mother, Prochein Amie and Guardian, Complainant.
The said Defendant by Protestation not confessing or acknowledging any Matter or thing in the said Bill of Complaint Contained laid to the Charge of this Defendant to be true in Such Manner and form as is therein Sett forth Saith That the said Bill doth contain therein against this Defendant (as he is by his Council advised) many apparent imperfections incertaintyes and in-sufficiencyes such as Do afford unto him Just cause and matter of Exception to Plead in bar of the Plaintifs further Proceeding against him in this Honourable Court thereupon The Benefitt and Advantage of Exception whereof this Defendant apprehending accordingly Saith First for answer to So much of the Defendants Bill as is Materiall to charge him with all That he believeth it to be true That Dominick Arthur in the Bill mentioned by his Last will and Testament Dated as in the Bill Gave Diverse Legacyes as in the Bill is Sett forth and devised the Rest and Residue of his Reall and personall Estate of what kind or Nature Soever in this Province or in the Island of Barbados or in any other part of the World whatsoever unto Patrick Arthur Brother of the said Domiñick and to his heires for Ever and aliso Made him Executor And *118 ordained and appointed Mr. Edmund Burck Also this Defendant Mr. John Denny and Mr. Michael Mahon Executors in trust as in the Bill is sett forth which said will is approved and Recorded as in the Bill And Further this Defendant believes it may be true That the said Patrick Arthur Dyed Some short time before the said Dominick But this Defendant Denyes that all or most of the Legacyes and bequests in the said Will of Dominick Arthur given are all-ready paid compounded for or satisfyed out of the said Dominick Arthurs Estate and Effects in the Island of Barbados or that the Same was Sufficient with a great overplus to Satisfy the Same for that the said Dominick Arthurs Estate in Barbados was Levyed upon in Barbados for his Debts And this Defendant believes it to be true That Christopher Arthur an Infant in the Bill named is the Son of the Above mentioned Patrick Arthur who likewise might Leave two Daughters Infants as in Bill But this Defendant knowes not That Dominick Arthur at the time of the Death of Patrick Arthur had any Intention or Designs to alter his will otherwise then cutt off a Legacy of £100 to Mrs. Mahons Daughter and give her £50 Or that he had any design to make the Complainant his absolute Executor or to alter any of the other Executors or that Ever he declared his Intentions to be Such but this Defendant has great Reason to beleive quite the contrary For that this Defendant has very often heard that the said Dominick Arthur has exprest his great Dissatisfaction with his said Brother Patrick and that his Design was to give him Sum small Cargo to bear his Charges and Send him home to Ireland. And this Defendant denyes all and all Manner of Fraud and Combination And as to the account which the Complainant by his said Bill De-mendeth of this Defendant and to all other the Matters of the said Bill not before hereby Answered unto he this Defendant for and by way of Demurrer thereunto saith That He this Defendant took upon himself the Burthen of the Executorshipp of the last will and Testament of Dominick Arthur aforesaid and proved the Same the other Executors not being then in this Province But Mr. Michael Mahon another Executor Some short time after arriving in this Province This Defendant being Desirous to be no further concerned att the Councill Board in Charlestown Desired the said Mr. Mahon and Mr. George Boyle then Guardian to this Complainant to indemnify him and themselves to take upon them the Administration thereof which they refused and after-wards by Severall Letters requested this Defendant to take care of the said Estate of Dominick Arthur and Not Suffer the Same to go to Ruin. And this Defendant having Letters of Administration granted to him has accordingly Ever Since taken care of the due Administration of the Estate and Effects left by the said Dominick Arthur and is Ready to account where he is Properly Accountable But this Defendant saith that the said Dominick Arthur Leaving a wife and two Sisters and the said Patrick Arthur being Dead as aforesaid before the Testator the said Testators Personall Estate with Submission to this honourable Cott as he is advised becomes Subject to be Divided according to *119 the Statute for the Distribution of Intestate Estates and that the Complainant has no right to any further part of the said Testators Estate reall or personall then to the whole reall Estate as heir att Law to his said Unckle Dominick Arthur and to a third part of one half of the personall Estate And this Defendant humbly conceives that The wife of the said Dominick has a right to one half and the two Sisters of Dominick Arthur whose Names are unknown to this Defendant have a right to the other two thirds of the half part of the said Per-sonall Estate and that he this Defendant is accountable only in the Manner aforesaid to the persons who have right and not accountable to the Complainant in Manner and form as in the Bill is charged for the whole personall Estate and Effects of the said Dominick Arthur and therefor as he is advised by his Councill he need not make any answer thereunto but that there is good Cause of Demurrer For that the Complainant by his said Guardian hath not made any tytle to himself Either in Law or Equity unto the Matters and things for which he Seeketh Relief against this Defendant But this Defendant is ready to account in which ever Manner and for such part of the said Estate and Effects of the said Dominick Arthur as belongs to the Complainant as this Hon-ourable Court shall order and appoint when he shall be properly and Legally Charged and required thereunto by the Complainant and for the Causes abovesaid and Divers other Imperfections in the Bill Contained This Defendant Doth Demur thereunto and humbly Demendeth the Judgment of this Honourable Court whether he shall be Compelled to make any other or further Answer unto the Complainants said Bill All which Matters and things this Defendant is and will be ready to averr and Prove as this Honourable Cott shall award And humbly prayeth to be Dismissed with his reasonable Costs and Charges in this behalf most wrongfully had and susteyned etca.
J S Robinson
[Endorsed] Jurat 19th Augusti Anno 1714 Coram Me Char: Hart magister Cancellaris
To the Right Honourable Charles Craven, Esq., Governour, Capt. Geni., Admiral and Commander in Chief of South Carolina, and to the rest of the true and Absolute Lords and Proprietors’ Deputies sitting in the Court of Chancery.
The Humble Petition of John Gough, Humbly sheweth unto your Hon-ours that your Petitioner has been Several times Summoned before this Hon-ourable Court in order to Answer the Complaint of Christian Arthur Widow and Guardian of Christopher Arthur a Minor and sole Heir of the Real Estate of Dominick Arthur late of this Province deceased, the Executor of whose last will and Testament your Petitioner is. That your Petitioner always comply’d with the several summonse aforesaid and readily Attended this Honourable Court in Order to Answer the Complaint of the said Widow in behalfe of her *120 Selfe and Son aforesaid, against your Petitioner as Executor as abovemen-tioned, though always to no purpose, the said Widow Either by remiseness,. neglect, or wilfull delays of her selfe or her Lawyers, or Else out of an Intent to Putt your Petitioner to such Extream Charges by quitting his Plantation in Such unseasonable times of the yeare, his care being there always requisite, coming Such Tedious Journeys himselfe and then Lying in Town at Such unreasonable and dear times upon such great and unnecessary Expences, being Still so dilatory and Slow in her proceedings, for the reasons aforesaid Your Petitioner humbly conceives that the Widow aforesaid by the delays above mentioned resolves to weary and Tire out your Petitioner by the many Dis-apointments and inconveniencies as already Observed, Besides the Plantation of the Said Arthur on which your Petitioner Administers as Executor as aforesaid, for want of his personal care and Oversight of itt it being now in a Thriving and likely way of produceing a very good Cropp there being upon itt a Very considerable Intrest, which for want of due care will undoubtedly be undone, The Ruine of which may be wrongfully made use of against your Petitioner.
May it therefore Please Your Honors to Appoint a Committee of this. Honorable Court or the Master in Chancery, to inspect into your Petitioner’s Accounts and demands on the Said Arthurs Plantation during his Acting thereon as Executor, and that the said Mrs. Arthur may be Sumoned to Ap-peare at the Same time before the Said Committee or Master aforesaid and. there make Such Objections against your Petitioner’s Accounts as she Lawfully or Justly may, and that upon hearing both parties above mentioned, a report of the Same may be made before your Honours, where your Petitioner promisses himselfe Justice, and the Malicious and scurilous Aspersions thrown upon his Creditt and reputation about the Manadgment of the Estate aforesaid repaired by your Honours unbiassed and Just decree. And your Petitioner as in Duty bound Shall Ever pray.
John Gough
[Endorsed: The Humble Petition of John Gough. Rejected.]